UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE L. SMITH,

                Plaintiff,

      v.

GREAT DAY IMPROVEMENTS, LLC, d/b/a
CHAMPION WINDOW, a foreign limited
liability company, and JOHN AND JANE
DOES NOS. 1-10, individuals and/or
companies,

                Defendants.

No. 2:26-cv-453

**NOTICE OF REMOVAL**

**[Clerk's Action Required]**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN**

**DISTRICT OF WASHINGTON:**

    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Great Day Improvements,

LLC (hereinafter "Great Day") gives notice that it is removing the above-captioned case to the

United States District Court for the Western District of Washington at Seattle. In support of this

removal, Great Day alleges as follows:

**I.     REMOVAL IS TIMELY**

    1.    On or about January 6, 2026, Plaintiff Mike L. Smith ("Smith" or "Plaintiff")

filed the above-captioned action in the Superior Court of Snohomish County, Washington, Case

NOTICE OF REMOVAL - 1
(Case No. 2:26-cv-453)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

No. 26-2-00161-31 (the "State Action"). A true and correct copy of the Complaint in the State Action (the "Complaint") is attached hereto as **Exhibit 1**.

2.     Great Day was served a copy of the Complaint on January 9, 2026. Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28 U.S.C. § 1446(b), and removal is proper. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from service of summons and complaint).

3.     Defendants Does 1 through 10 have not been served, and because the Does are fictitious, their consent to joinder in removal is not necessary. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

## II.     VENUE IS PROPER

4.     Plaintiff filed the Complaint in, and this action is being removed from, Snohomish County Superior Court, which is located in the Western District of Washington. Thus, this Notice of Removal is properly filed in this Court. *See* 28 U.S.C. §§ 1441(a), 1446(a).

## III.     THIS CASE IS REMOVABLE UNDER 28 U.S.C. § 1332

5.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.  Diversity of Citizenship Exists.

6.     **Plaintiff's Citizenship**. Plaintiff is a resident of Washington. *See* **Exhibit 1**, par. 1.1 ("Plaintiff MIKE L. SMITH is an individual residing in Snohomish County, Washington.").

NOTICE OF REMOVAL - 2
(Case No. 2:26-cv-453)

7.    **Defendant Great Day's Citizenship**. Great Day is a Delaware limited liability company based in Twinsburg, Ohio. *See* **Declaration of Liz Huldin ("Huldin Decl."), ¶ 2**. For diversity jurisdiction purposes, an LLC is deemed a citizen of each state in which any of its members is a citizen. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Great Day's LLC members are all domiciled and reside in Ohio and Maryland. **Huldin Decl., ¶ 2**.  None of Great Day's members are domiciled in or residents of Washington. *Id.*

8.    **Defendants Does 1-10**. Defendants Does 1 through 10 are fictitious and, therefore, their citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

9.    Based on the foregoing, complete diversity of citizenship exists in this matter because Plaintiff and Great Day are citizens of different states. *See id.* §§ 1332(a)(1), 1441(b).

## B.  The Amount in Controversy Exceeds $75,000.

10.    With respect to the amount in controversy, the threshold amount is satisfied in this action. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). In addition, the Court should aggregate damages in determining whether the amount in controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted). Plaintiff's allegations and the prayer for relief in the Complaint confirm that Plaintiff is seeking more than $75,000.

NOTICE OF REMOVAL - 3
(Case No. 2:26-cv-453)

11.     Plaintiff brings claims of disability discrimination, failure to engage in the interactive process, and wrongful termination in violation of public policy. *See* **Exhibit 1**. All of Plaintiff's claims pertain to his employment and separation from employment with Great Day. *See id.*

12.     Plaintiff's Complaint seeks front pay, back pay, lost benefits, emotional distress damages, liquidated damages "equal to compensatory damages for willful violations of the PFLA," attorneys' fees and costs, and tax gross-up for adverse tax consequences on economic damages. *See id.,* ¶¶ 9.1 – 9.10.

13.     Plaintiff's employment ended on or about July 22, 2025, and Plaintiff earned an annual base salary of $90,000 at the time of discharge. *See* **Exhibit 1, ¶ 3.10; Huldin Decl., ¶ 3**. Over 6 months have elapsed since Plaintiff's discharge. Plaintiff also received medical benefits, and a monthly vehicle allowance. *Id.* Therefore, assuming he has not mitigated his damages, Plaintiff's current back pay alone, excluding benefits, amounts to approximately $45,000.

14.     Plaintiff also seeks to recover emotional distress damages. *See* **Exhibit 1**, ¶ 9.4. Emotional distress damages have value for purposes of determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount in controversy). Although Plaintiff does not provide a specific amount as to his claim for alleged emotional distress damages, the Court may consider damage awards in other cases to establish the amount in controversy. *See, e.g.*, *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (citing award of $3,500,000 for pain and suffering in employment discrimination case where plaintiff only worked for four months, and noting that while the case was "not perfectly analogous," the case "indicates that emotional distress damages in a successful employment discrimination case may be substantial"); *see also Vasquez v. Arvato Digital Servs., LLC*, No. CV-11-02836 RSWL (AJWx), 2011 WL 2560261, at

NOTICE OF REMOVAL - 4
(Case No. 2:26-cv-453)

*3-4 (C.D. Cal. June 27, 2011) (in a discrimination case, finding amount in controversy more likely than not exceeded $75,000 based on claim for $25,171 of lost wages, where plaintiff also sought attorneys' fees and emotional distress damages).

15.    Additionally, Plaintiff seeks to recover attorneys' fees and costs as provided by statute. *See* **Exhibit 1**, ¶ 9.6 Both already-incurred and future attorneys' fees are properly included in the amount in controversy calculation. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are properly included in the amount in controversy); *Simmons*, 209 F. Supp. 2d at 1035 ("[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred"). Litigating employment cases "require[s] substantial effort from counsel" and "attorneys' fees in individual discrimination cases often exceed the damages." *Id.* Where, as here, a case involves discrimination claims and there is no information at the time of removal to suggest the case will be immediately resolved, attorneys' fees in combination with compensatory, and emotional distress damages will "clearly satisf[y]" the jurisdictional minimum. *Id.*

16.    Based on the nature of Plaintiff's allegations, the extent and number of claims asserted, and the relief sought by Plaintiff in the Complaint—including past and future lost employment wages and benefits, emotional distress damages, and attorneys' fees—it is apparent that the amount in controversy well exceeds $75,000. *See*, *e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (affirming district court determination that it was facially apparent

NOTICE OF REMOVAL - 5
(Case No. 2:26-cv-453)

that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorneys' fees in the original petition); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and [Plaintiff's] temporary inability to do housework"); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (where the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy"); *Simmons*, 209 F. Supp. 2d at 1031 (jurisdictional minimum was satisfied in an employment discrimination case where plaintiff's lost wages totaled $25,600, but plaintiff also sought unspecified amounts in attorney's fees, punitive damages, and emotional distress damages).

17.     As there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and it is removable under 28 U.S.C. § 1441.

### IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

18.     Consistent with 28 U.S.C. § 1446(d), Great Day will promptly serve a copy of this Notice of Removal, with all exhibits, to Plaintiff and to the Snohomish County Superior Court, where this case was initially filed.

19.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon Defendant in this case are attached as **Exhibit 2**.

20.     Great Day has complied with all applicable local rules for the Western District of Washington regarding this Notice of Removal.

NOTICE OF REMOVAL - 6
(Case No. 2:26-cv-453)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

21.    If Plaintiff challenges this Notice of Removal and the Court's subject-matter jurisdiction, Great Day reserves the right to file the appropriate affidavits and other proof with the Court to satisfy its burden of proof with respect to diversity jurisdiction.

**WHEREFORE**, Great Day hereby removes this action from Snohomish County Superior Court to the United States District Court for the Western District of Washington.

RESPECTFULLY SUBMITTED this 6th day of February, 2026.

Davis Wright Tremaine LLP
*Attorneys for Defendant*
*Great Day Improvements, LLC*

By:  *s/ Robert J Maguire*
　　　Robert J. Maguire, WSBA # 29909
　　　920 Fifth Avenue, Suite 3300
　　　Seattle, WA  98104-1610
　　　Telephone: (206) 622-3150
　　　Fax: (206) 757-7700
　　　Email: robmaguire@dwt.com

By*:  s/ Katie Loberstein*
　　　Katie Loberstein, WSBA #51091
　　　920 Fifth Avenue, Suite 3300
　　　Seattle, WA  98104-1610
　　　Telephone: (206) 622-3150
　　　Fax: (206) 757-7700
　　　Email: katieloberstein@dwt.com

NOTICE OF REMOVAL - 7
(Case No. 2:26-cv-453)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED at Seattle, Washington, this 6th day of February, 2025.


*/s/ Lorraine Wojcik*
Lorraine Wojcik, Legal Assistant
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone:  206.622.3150
Fax:  206.757.7700
Email:  lorrainewojcik@dwt.com

NOTICE OF REMOVAL - 8
(Case No. 2:26-cv-453)